IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH TURNER,

Plaintiff,

v.

STATE OF OREGON,

Defendant.

Case No. 3:25-cv-00409-SB

**FINDINGS AND RECOMMENDATION**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Elizabeth Turner ("Turner"), a self-represented litigant, filed this 42 U.S.C. § 1983 ("Section 1983") action against the State of Oregon on March 7, 2025. Turner also filed an application to proceed in forma pauperis ("IFP"). The Court grants Turner's IFP application but recommends that the district judge dismiss Turner's complaint without prejudice and with leave to amend.

**BACKGROUND**

Turner filed a three-page IFP complaint in this district, which she presents in letter form and without a case caption, attaching forty-three pages of exhibits. (Compl. at 1-46, ECF No. 2; *cf.* Pl.'s IFP Appl. at 1, ECF No. 1, reflecting that in her IFP application's caption, Turner

identifies herself as the defendant and the "State of Oregon" as the plaintiff in this matter). Turner subsequently filed forty-seven additional pages of letters and exhibits in support of her complaint. (*See* Pl.'s First Decl. & Exs. Supp. Compl. at 1-19, ECF No. 4; Pl.'s Second Decl. & Exs. Supp. Compl. at 1-17, ECF No. 5; Pl.'s Third Decl. & Exs. Supp. Compl. at 1-11, ECF No. 6.)

Turner's filings cover a broad time period and range of actors and events, but her three-page complaint is based largely on her ongoing criminal case in Wasco County Circuit Court.[1] Turner alleges civil rights violations under Section 1983 based primarily on the "gross corruption of the entire court system in Wasco County Circuit Court," her "Case [No.] 24CR41934," the district attorney's office's and prosecutor's "false," "fabricated," and "politically motivated" charges, and her response to the prosecutor's charges, right to a "fair trial," inability to "get a fair

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Aguilar*, 782 F.3d 1101, 1103 n.1 (9th Cir. 2015) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)); *see also Abdulaziz v. Twitter, Inc.*, No. 21-16195, 2024 WL 4688893, at *1 n.1 (9th Cir. Nov. 6, 2024) (taking "judicial notice of court filings in other proceedings related to th[e] case" (citing *Aguilar*, 782 F.3d at 1103 n.1)); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that courts "may take judicial notice of undisputed matters of public record," such as "documents on file in . . . state court" (first citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); and then citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002))). Courts may also take judicial of court dockets. *See Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1186 n.2 (9th Cir. 2024) (granting a request to take judicial notice of a "state court docket"); *id.* at 1186 n.3 (granting a request to take judicial notice of a "California Supreme Court docket"). Furthermore, a "court . . . may take judicial notice on its own." FED. R. EVID. 201(c)(1).

Consistent with these authorities, the Court takes judicial notice of Turner's ongoing criminal case in Wasco County Circuit Court. *See* Docket at 1-6, *Oregon v. Turner*, No. 24-cr-41934 (Wasco Cnty. Cir. Ct. filed Aug. 14, 2024) (listing the status of Turner's case as "[o]pen," filing date as "08/14/2024," and charges as Class A misdemeanors for reckless endangerment and improper use of an emergency reporting system, and reflecting that the court held a plea hearing on March 10, 2025, and set a May 22, 2025 hearing on Turner's motion to disqualify the trial judge).

jury" in Wasco County, request for "a continuance" and "sheriff investigation," plea "hearing on March 10, [2025,]" "plan to recuse [the trial] judge" who "threatened [her] with contempt" and jail time and whose "clear actions . . . violate[d] his oath and the law," and plan to seek a "change of venue . . . if [her] trip to . . . federal court [cannot] help [her]." (Compl. at 1-3.)

## LEGAL STANDARDS

### I. FEDERAL IFP STATUTE

"The federal [IFP] statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil . . . action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The IFP statute provides that a "court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Section 1915(e) applies to all . . . [IFP] complaints, not just those filed by prisoners."). In other words, the IFP statute mandates sua sponte dismissal on these grounds. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1006-07 (9th Cir. 2024) ("[Section] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.") (simplified); *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) ("[Section] 1915 [previously] required courts to dismiss only those cases that were 'frivolous or malicious[,]' . . . [but] the current IFP statute provides additional, detailed grounds for dismissal—including mandatory dismissal of any claim that 'seeks monetary relief against a defendant who is immune from such relief.'") (citations omitted).

///

///

## II. FAILURE TO STATE A CLAIM

"[T]he same substantive rules apply to [Federal Rule of Civil Procedure] 12(b)(6) and § 1915(e) dismissals for failure to state a claim." *Hebrard*, 90 F.4th at 1007 (citing *Lopez*, 203 F.3d at 1127-28). To state a claim under Rule 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Where a plaintiff's "complaint pleads facts that are 'merely consistent with' a defendant's liability, [the plaintiff's complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III. SELF-REPRESENTED LITIGANTS

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021), and should treat "pro se litigants . . . with 'great leniency' when evaluating compliance with 'the technical rules of civil procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). The Supreme Court, however, has also recognized that "[d]istrict [courts] have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Thus, there are limits on the leeway that courts must afford to self-represented litigants. *See Washington v. Kijakazi*, 72 F.4th 1029, 1039-40 (9th Cir. 2023) ("[T]here are limits to what a court must do to accommodate a party appearing pro se." (citing *Pliler*, 542 U.S. at 231)); *see*

*also Atkins v. Montgomery*, No. 20-56007, 2024 WL 3594386, at *2 (9th Cir. July 31, 2024) (rejecting the self-represented plaintiff's arguments that the magistrate judge failed to provide "meaningful assistance" on exhaustion, or "take into account the amount of time remaining on [his] one-year statute of limitations in requiring a response to her order" (citing *Pliler*, 542 U.S. at 231)).

For example, "[a]lthough [courts] construe pro se pleadings liberally, especially in civil rights cases, [they] 'may not supply essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)); *Salazar v. Regents of Univ. of Cal.*, 812 F. App'x 410, 412-13 (9th Cir. 2020) (same); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (observing that a court's "liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled") (simplified).

Furthermore, courts are generally not required to sift through a self-represented litigant's allegations and stacks of exhibits or filings to tease out a valid claim. *See Sernas*, 857 F. App'x at 401 (recognizing that "courts have a duty to read a pro se complaint liberally . . . [but are] not required to sift through allegations to see what unidentified causes of action a pro se [litigant] may have a claim for"); *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) ("[T]he district court was not required to sift through [the self-represented litigant's] many exhibits to tease out a valid claim."); *see also Orea v. Quality Loan Service Corp.*, 859 F. App'x 799, 801 (9th Cir. 2021) (finding that the "district court did not abuse its discretion in dismissing the [self-represented litigant's] second amended complaint, which spanned more than ninety pages of text

and 540 pages of exhibits, for violating [Rule] 8(a)," and observing that the "complaint was so lengthy, rambling, confusing, and disorganized that one [could not] determine who is being sued, for what relief, and on what theory"); *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc) (noting that self-represented litigants' Section 1983 complaints are "often rambling and incoherent").

**DISCUSSION**

The Court concludes that Turner's complaint is deficient in several respects and that the IFP statute mandates dismissal under the circumstances presented here. The Court therefore recommends that the district judge dismiss Turner's complaint without prejudice and with leave to amend.[2]

## I. GENERAL DEFICIENCIES

The Court concludes that Turner fails to state a claim upon which relief can be granted because her "excessive filings do not comprise a cohesive pleading," *see Kakowski v. County of Sacramento*, No. 2:16-cv-02549, 2018 WL 805660, at *2 (E.D. Cal. Feb. 9, 2018) (screening an IFP complaint), *findings and recommendations adopted*, 2018 WL 1763388, at *1 (E.D. Cal. Apr. 12, 2018), or make clear who she intends to sue (i.e., name as a defendant), and relatedly, the relief that she seeks from each individual or entity and theory (or theories) upon which she

[2] The Court recognizes at the outset that Turner has "done [her] best" but does not "know[] much about federal court" and how to file a Section 1983 action. (Compl. at 3.) The Court notes that Turner may consult this district's Handbook for Self-Represented Parties, which provides guidance on such matters and deficiencies identified herein. *See OUMA v. Portland State Univ.*, No. 3:24-cv-00991-IM, 2025 WL 746059, at *1 n.2 (D. Or. Mar. 7, 2025) (noting the same and that the district's 2025 Handbook for Self-Represented Parties is "available at https://www.ord.uscourts.gov/phocadownload/userupload/prose/Handbook%20for%20Self-Represented%20Parties.pdf").

relies.[3] *See Orea*, 859 F. App'x at 801 (addressing a more egregious violation of Rule 8(a), which prevented the court from determining "who [was] being sued, for what relief, and on what theory").

The district court in *Kakowski* addressed a situation comparable to the one presented here. In that case, the self-represented plaintiff's Section 1983 "complaint [was] 66 pages in length including exhibits," and "supported by [ten] separately filed . . . sets of exhibits totaling nearly 200 pages." 2018 WL 805660, at *1-2. The district court explained at the outset (and after granting the plaintiff's IFP application) that multiple separately "filed documents do not constitute an operative pleading," the plaintiff's "excessive filings [did] not comprise a cohesive pleading," and the "court should not be required to parse through multiple exhibits to identify in the first instance what may be relevant to plaintiff's claims." *Id.* (simplified). The district court added that "[a]ll of [the] plaintiff's factual allegations must be contained in one operative complaint, with all pertinent exhibits attached," and thus "amendment of the complaint [was] required." *Id.* at *2.

Despite recognizing that the plaintiff's complaint would "be dismissed and his separately filed exhibits . . . disregarded" and he would be "granted leave to file a comprehensive [amended complaint] . . . , with all pertinent exhibits attached," the district court nevertheless identified

[3] The Court notes that Rule 10 governs the "[f]orm of [p]leadings[.]" FED. R. CIV. P. 10 (bold omitted). With respect to the "[c]aption" and "[n]ames of [p]arties," Rule 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation," "[t]he title of the complaint must name all the parties," and "the title of other pleadings, after naming the first party on each side, may refer generally to other parties." FED. R. CIV. P. 10(a) (bold omitted). Further, with respect to "[p]aragraphs" and "[s]eparate [s]tatements," Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." FED. R. CIV. P. 10(b) (bold omitted).

other deficiencies to "assist [the] plaintiff in the preparation" of his amended complaint, and provide information and "guidance" on the "legal standards" that applied to his claims. *Id.* at *2.

Like *Kakowski*, the Court finds that amendment is necessary because Turner was required but failed to file "one operative complaint, with all pertinent exhibits attached," and specifically name the defendant(s) that she intends to sue and identify the relief that she seeks from each defendant and related theory (or theories) upon which she relies. *See id.* at *1-2 (same); *see* *Sernas*, 857 F. App'x at 401 ("The Supreme Court has recognized that '[d]istrict [courts] have no obligation to act as counsel or paralegal to pro se litigants.' Although courts have a duty to read a pro se complaint liberally, a district court is not required to sift through allegations to see what unidentified causes of action a pro se [litigant] may have a claim for." (quoting *Pliler*, 542 U.S. at 231)).

For these reasons, the Court recommends that the district judge dismiss Turner's complaint.

## II. ADDITIONAL DEFICIENCIES

Although amendment is necessary and the Court disregards Turner's separately filed exhibits, *see Chacon v. Diaz*, No. 21-55182, 2025 WL 799485, at *2 (9th Cir. Mar. 13, 2025) (declining to consider the self-represented plaintiff's claim from "his opening brief because he did not allege that claim in his complaint" and noting that "pleadings [must] contain a 'short and plain statement of the claim'" (quoting FED. R. CIV. P. 8(a)(2))), the Court identifies additional deficiencies below for the purpose of assisting Turner and providing guidance on applicable legal standards.

### A. Section 1983

The Court concludes that Turner fails to state a plausible claim for relief under Section 1983.

**1. Applicable Law**

"To state a claim under [Section] 1983, a plaintiff must allege that '(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023) (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011)). Given that states are not considered a "person" within the meaning of Section 1983, states are not subject to suit under Section 1983. *See, e.g.*, *Kroncke v. City of Phoenix*, 606 F. App'x 382, 383 (9th Cir. 2015) (affirming the dismissal of the self-represented plaintiff's claims against the State of Arizona because it [was] not subject to suit under [Section] 1983," and noting that to "state a claim under [Section] 1983, a plaintiff must allege that the violation was committed by a 'person' acting under color of state law; a state is not considered a 'person' within the meaning of [Section] 1983" (citing *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002))).

Similarly, state "officials sued in their official capacity are not considered 'persons' within the meaning of [Section] 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment." *Cortez*, 294 F.3d at 1188 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). By contrast, "[a] municipality or other local government entity is deemed such a 'person' and may be sued for constitutional torts committed by its officials according to an official policy, practice, or custom." *Id.* (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). At times, a plaintiff's ability to maintain a Section 1983 claim turns on whether the official was a state or municipal actor. *See id.* at 1187-88 (addressing an appeal regarding whether a sheriff's actions were "attributable to the county for purposes of [Section] 1983," and noting that the plaintiffs' ability to "maintain a [Section] 1983 claim against

the [c]ounty depend[ed] on whether the [s]heriff was a state or county actor in administering the county jail").

**2. Analysis**

Turner's factual allegations fail to satisfy the requirements necessary to state a Section 1983 claim. *See Twombly*, 550 U.S. at 555 (explaining that Rule 8 requires that a complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (simplified).

Turner's complaint does not include a caption, but it appears that Turner intended to sue the State of Oregon under Section 1983. (*See* Pl.'s IFP Appl. at 3, reflecting that in her IFP application's caption, Turner named herself as the defendant and the State of Oregon as the plaintiff; Pl.'s Civ. Cover Sheet at 1, ECF No. 2-1, naming the "State of Oregon" as the plaintiff and suggesting that Turner intended to a sue a "[g]overnment [d]efendant" residing in "Wasco" under Section 1983 for "gross violation[s] of [her] civil rights" and ten "years of political harassment"). The State of Oregon, however, is not a "person" within the meaning of or subject to suit under Section 1983. *See Kroncke*, 606 F. App'x at 383 (affirming the district court's dismissal of the self-represented plaintiff's Section 1983 claims against the State of Arizona for this reason); *see also Brent v. Oregon*, No. 3:24-cv-00745-SB, 2024 WL 3927264, at *4 (D. Or. Aug. 5, 2024) (explaining that the court "advised [the self-represented plaintiff] that the State of Oregon is not subject to suit under [Section] 1983," and concluding that the plaintiff "failed to cure [this] previously identified deficiency, and [thus] fail[ed] to state a claim upon which relief can be granted"), *findings and recommendation adopted*, 2024 WL 3925762, at *1 (D. Or. Aug. 23, 2024).

Turner also refers generally (and in one instance specifically) to state and/or county officials but it remains unclear who Turner intends to sue and whether Turner is suing any

defendant in their official or individual capacity or roles as state or county actors. (*See* Compl. at 1-3; Pl.'s Civ. Sheet at 1, naming the State of Oregon as a party but also referencing a defendant residing in "Wasco"). To the extent that Turner intended to sue state officials in their official capacities, such officials are "not considered 'persons' within the meaning of [Section] 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment." *Cortez*, 294 F.3d at 1188 (citing *Will*, 491 U.S. at 71). Additionally, it is not clear if Turner intended to base any of her claims on an "official policy, practice, or custom" sufficient to state a claim under *Monell*. *See id.* (addressing what a plaintiff must allege to state a municipal liability claim under Section 1983).

For all of these reasons, the Court recommends that the district judge dismiss Turner's complaint. *See Twombly*, 550 U.S. at 555 (explaining that Rule 8 requires that the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (simplified); *Jasso v. Abels*, No. 6:25-cv-00180-MTK, 2025 WL 1094659, at *3-5 (D. Or. Apr. 10, 2025) (dismissing the self-represented plaintiff's Section 1983 claims without prejudice and explaining that the plaintiff's complaint "contain[ed] conclusory allegations with no factual details particular to each [d]efendant" and thus "the identity and roles of each [d]efendant [we]re unclear").

**B. Immunity**

To the extent she intended to sue a judge, prosecutor, or prosecutor's office, Turner fails to state a claim.[4]

///

[4] At this stage, the Court lacks sufficient information to evaluate immunity exceptions addressed below, and thus is unable to find that Turner could not possibly cure any of her claims for relief.

**1. Applicable Law**

Subject to limited exceptions, "a judge is generally immune from liability in a civil action for damages unless the [plaintiff's] claim pertains to a non-judicial act or the judge has acted in the clear absence of all jurisdiction[.]" *Nordin v. Scott*, No. 22-15816, 2023 WL 4418595, at *1 (9th Cir. July 10, 2023) (holding that the district court's dismissal of the self-represented plaintiff's "claims against [a] defendant [j]udge . . . was proper because [the] [j]udge . . . [was] entitled to judicial immunity") (citation omitted); *see also McCoy v. SC Tiger Manor, LLC*, No. 21-35935, 2023 WL 6830199, at *1 (9th Cir. Oct. 17, 2023) (affirming the district court's dismissal of the self-represented plaintiff's complaint on the ground that judicial immunity barred her claims against "federal judicial officers presiding over [her] prior federal action"); *Brent*, 2024 WL 3927264, at *5 (advising the self-represented plaintiff that the "Multnomah County Circuit Court judge who sentenced [him] in the criminal case [was] entitled to judicial immunity").

Similarly, state prosecutors and district attorneys' offices are generally entitled to prosecutorial immunity. *See Nguyen v. Yolo Cnty. Dist. Att'y Off.*, No. 21-15698, 2022 WL 260864, at *1 (9th Cir. Jan. 27, 2022) (affirming the district court's dismissal of the plaintiff's claims under "42 U.S.C. §§ 1983 and 1985, and state law," which "ar[ose] out of his prosecution for trespassing," because the defendant district attorney's office was "entitled to prosecutorial immunity," and citing circuit precedent regarding the "scope of prosecutorial immunity as to [Section] 1983 claims" (citing *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009))); *see also Brent*, 2024 WL 3927264, at *5 (observing that the self-represented plaintiff could not "hold the Multnomah County District Attorney liable . . . because a prosecutor is immune from liability under Section 1983 when he is functioning in his official capacity under proper jurisdiction") (simplified).

Additionally, "court employees performing quasi-judicial functions are entitled to absolute immunity[.]" *Shahrokhi ex rel. B.E.S. v. Throne*, No. 22-15978, 2023 WL 6826753, at *1 (9th Cir. Oct. 17, 2023) (affirming dismissal of the self-represented plaintiff's action because "court employees performing quasi-judicial functions are entitled to absolute immunity" and "judges are entitled to absolute judicial immunity for acts performed in their official capacity") (simplified).

**2. Analysis**

Turner appears to assert Section 1983 claims against defendants who are immune from civil liability.

Turner's complaint includes allegations regarding the actions of the trial judge presiding over her ongoing criminal case in Wasco County Circuit Court. (Compl. at 1-3.) It is not clear if Turner intended to sue the trial judge, but it is clear that judges are "entitled to absolute judicial immunity for acts performed in their official capacity[.]" *Shahrokhi*, 2023 WL 6826753, at *1. Thus, to the extent Turner attempts to sue the trial judge for acts performed in his official capacity, absolute immunity bars Turner's claims. *See Dettamanti v. Staffel*, 793 F. App'x 583, 584 (9th Cir. 2020) (affirming dismissal of "claims against [a judge] in his individual capacity on the basis of judicial immunity," and noting that the plaintiff "failed to allege facts" sufficient to invoke an exception to the judicial immunity doctrine, i.e., "facts sufficient to show that [the judge] acted in the clear absence of all jurisdiction or perform[ed] an act that [was] not judicial in nature") (simplified).

Turner also alleges that the Wasco County District Attorney's office and prosecutor are pursuing "false," "fabricated," and "politically motivated" charges against her. (Compl. at 1.) If Turner intended to premise Section 1983 claims on these allegations, the Wasco County District Attorney's office and prosecutor are entitled to prosecutorial immunity. *See Nguyen*, 2022 WL

260864, at *1 (affirming the district court's dismissal of the plaintiff's "claims under 42 U.S.C. §§ 1983 and 1985, and state law," which "ar[ose] out of his prosecution for trespassing," because the district attorney's office was "entitled to prosecutorial immunity") (simplified); *see also* *Brent*, 2024 WL 3927264, at *5 (noting that the self-represented plaintiff could not "hold the Multnomah County District Attorney liable . . . because a prosecutor is immune from liability under Section 1983 when he is functioning in his official capacity under proper jurisdiction") (simplified).

Further, Turner's complaint appears to include allegations regarding court employees who were performing quasi-judicial functions. (*See* Compl. at 2, alleging that Turner "cannot deliver documents or ask for [unnamed people] or even ask a question at circuit court windows," recently "asked twice" about a hearing location because her "name was not posted on either door," and presented for a "hearing in January [and an unnamed person] sent [her] to the wrong courtroom"). Similar to the claims discussed above, absolute immunity bars Turner's claims to the extent that she bases them on allegations against court employees who were performing quasi-judicial functions. *See Shahrokhi*, 2023 WL 6826753, at *1 (explaining that "court employees [who are] performing quasi-judicial functions are entitled to absolute immunity") (simplified).

For all of these reasons, the Court recommends that the district judge dismiss Turner's complaint without prejudice and with leave to amend to cure the foregoing deficiencies. *See* *Jasso*, 2025 WL 1094659, at *3 (screening the self-represented plaintiff's complaint and explaining that "judges are absolutely immune from civil liability for their judicial acts," that "absolute immunity shields prosecutors from suit if the claims are related to conduct intimately associated with the judicial phase of the criminal process," and that the plaintiff's "claims against

[a defendant prosecutor], which relate[d] to the use of allegedly false representations during court proceedings, [we]re barred by prosecutorial immunity") (simplified).

**C. *Younger* and *Heck***

Finally, the Court notes that Turner's allegations raise concerns related to *Younger* and *Heck*. "In *Younger*, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances."[5] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). In *Heck*, the Supreme Court "held that a [Section] 1983 damages claim is not cognizable when success on the action would imply the invalidity of a conviction or sentence that has not been reversed or otherwise invalidated." *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Depending on the circumstances, the Court may need to revisit *Younger* abstention, or a potential *Heck* bar, if Turner attempts to proceed in federal court.

///

///

///

///

///

///

///

///

[5] Turner recently argued that her upcoming state criminal hearing should be held in abeyance pending the Court's review of her IFP application, complaint, and separately filed exhibits. (ECF No. 7.)

## CONCLUSION

For the reasons stated, the Court GRANTS Turner's IFP application (ECF No. 1) but recommends that the district judge DISMISS Turner's complaint without prejudice and with leave to amend, and instruct Turner to file an amended complaint curing the above-described deficiencies within fourteen days of the district judge's Order on the Court's Findings and Recommendation.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of April, 2025.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge