IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH TURNER,                                   Case No. 3:25-cv-00409-SB

               Plaintiff,                    **FINDINGS AND**
**RECOMMENDATION**

      v.

STATE OF OREGON,

               Defendant.

---

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Elizabeth Turner ("Turner"), proceeding as a self-represented litigant and in

forma pauperis ("IFP"), filed this 42 U.S.C. § 1983 ("Section 1983") action against the State of

Oregon on March 7, 2025. The Court dismissed Turner's complaint without prejudice and with

leave to amend because it found that Turner's complaint was deficient in several respects and the

IFP statute mandated sua sponte dismissal under the circumstances presented.[1] *See Turner v.*

---

[1] Turner's now-dismissed Section 1983 claims were based primarily on the "gross corruption of the entire court system in Wasco County Circuit Court," her ongoing criminal case, the district attorney's office's and prosecutor's "false," "fabricated," and "politically motivated" charges, and her response to the prosecutor's charges, right to a "fair trial," inability to "get a fair jury" in Wasco County, request for "a continuance" and "sheriff investigation," plea "hearing on March 10, [2025,]" "plan to recuse [the trial] judge" who "threatened [her] with contempt" and jail time and whose "clear actions . . . violate[d] his oath and the law," and plan to seek a

*Oregon*, No. 3:25-cv-00409-SB, 2025 WL 1334643, at *3-8 (D. Or. Apr. 21, 2025) (citing 28 U.S.C. § 1915(e)), *findings and recommendation adopted*, 2025 WL 1332317, at *1 (D. Or. May 6, 2025).

The Court subsequently granted Turner's motions for extensions of time in which to file an amended complaint and attempt to cure the deficiencies that the Court previously identified. (*See* ECF Nos. 12-15, setting an August 29, 2025 deadline to file an amended complaint). The Court must now resolve Turner's motion to stay her ongoing criminal case in Wasco County Circuit Court.[2] (ECF No. 16.)

The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons explained below, the Court recommends that the district judge deny Turner's motion to stay her ongoing criminal proceeding and instead stay this Section 1983 action pending resolution of Turner's criminal case.

## DISCUSSION

Turner moves, pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, for an injunction staying her ongoing state criminal prosecution. (Pl.'s Mot. Stay State Crim. Proc. ("Pl.'s Mot.") at 1, ECF No. 16.) Consistent with the authorities below, the Court recommends that the district judge deny Turner's motion for an injunction staying her ongoing state criminal prosecution and

---

"change of venue . . . if [her] trip to . . . federal court [cannot] help [her]." (Compl. at 1-3, ECF No. 2.)

[2] Similar to its previous opinion, *see Turner*, 2025 WL 1334643, at *1 n.1, the Court takes judicial notice of the docket and filings from Turner's ongoing (and related) criminal proceeding in Wasco County Circuit Court. *See Abdulaziz v. Twitter, Inc.*, No. 21-16195, 2024 WL 4688893, at *1 n.1 (9th Cir. Nov. 6, 2024) (filings in related proceedings); *Luckey v. Mitchell*, No. 22-16556, 2023 WL 6389399, at *1 n.1 (9th Cir. Oct. 2, 2023) (dockets); *United States v. Aguilar*, 782 F.3d 1101, 1103 n.1 (9th Cir. 2015) (documents from a related case); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (documents filed in federal or state court); FED. R. EVID. 201(c)(1) (providing that "[t]he court . . . may take judicial notice on its own").

instead stay this federal Section 1983 action pending resolution of Turner's state criminal proceeding.

I.    APPLICABLE LAW

   A.    The Anti-Injunction Act

   The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Claims under Section 1983 are not subject to the federal Anti-Injunction Act[.]" *Barber v. Vance*, No. 3:16-cv-2105-AC, 2016 WL 6647936, at *3 (D. Or. Nov. 9, 2016) (Simon, J.) (citing *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)); *see also Mitchum*, 407 U.S. at 242-43 ("[U]nder the criteria established in our previous decisions construing the anti-injunction statute, [Section] 1983 is an Act of Congress that falls within the 'expressly authorized' exception of that law.").

   Nevertheless, a plaintiff's Section 1983 claims may still be subject to the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971). *See Barber*, 2016 WL 6647936, at *3 (noting that the self-represented plaintiff's Section 1983 claims were an exception to the Anti-Injunction Act but remained "subject to the *Younger* abstention doctrine"). To be sure, the "*Younger* [abstention] doctrine has been expanded to prohibit federal courts from issuing an injunction *or its functional equivalent* when doing so would interfere with an ongoing state court proceeding, [whereas] the plain language of [the Anti-Injunction Act, 28 U.S.C.] § 2283 speaks *only* to actual injunctions." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1152 (9th Cir. 2007). In other words, the *Younger* abstention doctrine encompasses a broader range of potential relief than the Anti-Injunction Act. *See id.* at 1153 ("Even if the [Anti-Injunction Act] still applies to certain requests for declaratory relief, . . . it certainly does not apply to requests for

money damages that, if granted, would render state court litigation nugatory due to preclusion doctrines. This could arguably be the province of the judicially created *Younger* doctrine, but is certainly not the province of an unambiguous statute that says nothing about the type of relief.") (simplified).

      **B.**    ***Younger* Abstention**

The Supreme Court has held that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Roshan v. McCauley*, 130 F.4th 780, 781-82 (9th Cir. 2025) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013)). The *Younger* abstention doctrine is one of the "exception[s]" to this rule. *Bristol-Myers Squibb Co. v. Connors*, 979 F.3d 732, 735 (9th Cir. 2020).

"In *Younger*, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing *Younger*, 401 U.S. at 45); *see also Trump v. Vance*, 591 U.S. 786, 792 (2020) (noting that *Younger* "generally precludes federal courts from intervening in ongoing state criminal prosecutions"). The *Younger* abstention doctrine "applies 'when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" *Bean*, 986 F.3d at 1133 (quoting *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019)). Notably, "[h]owever, even if *Younger* abstention is appropriate, federal courts do not invoke [the doctrine[ if there is a '[demonstration] of bad faith, harassment, or some other extraordinary circumstance that would make [*Younger*] abstention inappropriate." *Arevalo v. Hennessy*, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)); *see also Bean*, 986

PAGE 4 – FINDINGS AND RECOMMENDATION

F.3d at 1133 (noting that the Ninth Circuit has "recognized an irreparable harm exception to *Younger*" and "previously applied the . . . exception to claims raised by pretrial detainees in two contexts").

## II.    ANALYSIS

The Court concludes that abstention is appropriate here because (1) the four *Younger* factors are satisfied, (2) Turner has not demonstrated bad faith, harassment, or other extraordinary circumstances that would make *Younger* abstention inappropriate, and (3) Turner's case does not resemble the contexts in which the Ninth Circuit has applied the irreparable harm exception to *Younger*. *See Bean*, 986 F.3d at 1134-36 (noting that the habeas petitioner's due process right "resemble[d] the contexts in which [the Ninth Circuit] ha[d] applied the irreparable harm exception," and holding that "[a]tlhough the basic *Younger* criteria [we]re satisfied," the "district court erred in abstaining" because the "irreparable harm exception to *Younger* applie[d]").

### A.    *Younger* Factors

The record before the Court demonstrates that the four *Younger* factors are satisfied here.

#### 1.    First Factor

The first *Younger* factor asks whether "there is an ongoing state judicial proceeding[.]" *Page*, 932 F.3d at 901 (quoting *Arevalo*, 882 F.3d at 765). Turner does not dispute that there is an ongoing criminal prosecution against her in Wasco County Circuit Court. (*See* Pl.'s Mot. at 1, demonstrating that in her pending motion, Turner seeks an "injunction . . . [s]tay[ing]" her ongoing criminal prosecution in Wasco County Circuit Court and argues that the Court "should . . . accept[]" her "original filing under . . . [Section] 1983"); Docket at 1-7, *Oregon v. Turner*, No. 24-cr-41934 (Wasco Cnty. Cir. Ct. filed Aug. 14, 2024) (last updated July 8, 2025) (listing the status of Turner's criminal proceeding as "[o]pen," and reflecting that on August 14,

2024, the Wasco County District Attorney filed the case and charged Turner with Class A misdemeanors for reckless endangerment and improper use of an emergency reporting system, and the trial judge issued a warrant after Turner failed to appear for her hearing on June 16, 2025).

Accordingly, the first *Younger* factor is satisfied. *See Crossett v. Idaho*, No. 23-35610, 2024 WL 3508511, at *1 (9th Cir. July 23, 2024) (holding that the *Younger* factors were satisfied and observing that the self-represented plaintiff's "federal claims ar[ose] from his ongoing state criminal proceeding"); *see also Bristol-Myers*, 979 F.3d at 735 (noting that *Younger* applies to "three categories of state proceedings," including "ongoing state criminal prosecutions") (simplified).

### 2.    Second Factor

The second *Younger* factor asks whether the state court "proceeding implicates important state interests[.]" *Page*, 932 F.3d at 901 (quoting *Arevalo*, 882 F.3d at 765). Criminal prosecutions implicate important state interests. *See, e.g., Jackson v. County of Madera*, No. 22-16920, 2023 WL 8064555, at *1 (9th Cir. Nov. 21, 2023) (holding that the "district court properly dismissed [the self-represented plaintiff's] claims for injunctive and declaratory relief as barred by the *Younger* abstention doctrine," and explaining, among other things, that the plaintiff's "state court criminal action [was] ongoing, [and such] proceedings implicate[d] important state interests"). Accordingly, the Court concludes that the second *Younger* factor is satisfied.

### 3.    Third Factor

The third *Younger* factor asks whether "there is an adequate opportunity in the state proceedings to raise constitutional challenges[.]" *Page*, 932 F.3d at 901 (quoting *Arevalo*, 882 F.3d at 765). Courts have found that ongoing state criminal actions present adequate

opportunities for defendants to litigate their constitutional claims. *See, e.g.*, *Jackson*, 2023 WL 8064555, at *1 (explaining that the plaintiff's "state court criminal action [was] ongoing" and "there [was] an adequate opportunity for [the plaintiff] to litigate his constitutional claims therein"). Consistent with these authorities, the Court concludes that the third *Younger* factor is satisfied.

### 4.    Fourth Factor

The fourth and final *Younger* factor asks whether "the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page*, 932 F.3d at 901 (quoting *Arevalo*, 882 F.3d at 765). Turner "request[s] a[n] injunction . . . stay[ing]" the Wasco County District Attorney's ongoing criminal prosecution in state court. (Pl.'s Mot. at 1.) Thus, the fourth *Younger* factor is satisfied because Turner seeks to enjoin an ongoing state criminal prosecution.

### B.    *Younger* Exceptions

Turner fails to demonstrate that an exception to *Younger* abstention applies. *See Crossett*, 2024 WL 3508511, at *1 (noting that the self-represented plaintiff appealed from the "district court's order dismissing his action alleging federal claims arising from his ongoing state criminal proceeding," and holding that the "district court properly dismissed [the plaintiff's] action under the *Younger* abstention doctrine," in part because he "failed to show that an exception to *Younger* applied").

In her now-dismissed complaint, Turner asserted constitutional violations. However, "a claimed constitutional violation 'does not, by itself, constitute an exception to the application of *Younger* abstention[.]'" *Id.* (quoting *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003)).

///

In her recently filed supplement, Turner also presents complaints regarding the Wasco County Circuit Court's handling of case scheduling matters in her ongoing criminal proceeding and compliance with an Oregon statutory notice requirement, her limited finances and the cost of driving to the courthouse, and whether "[b]eing arrested" will prevent her from walking with her cane and caring for her animals. (Pl.'s Suppl. Filing Supp. Pl.'s Mot. Stay at 1-13, ECF No. 17.) Turner's complaints and Section 1983 action do not appear to resemble any context in which the Ninth Circuit has applied the irreparable harm exception to *Younger*.[3] *See Bean*, 986 F.3d at 1133-36 (observing that the Ninth Circuit has "recognized an irreparable harm exception to *Younger*" and "previously applied the . . . exception to claims raised by pretrial detainees in two contexts," stating the habeas petitioner's due process right at issue "more closely resemble[d] the contexts in which [the Ninth Circuit] ha[d] applied the irreparable harm exception" to *Younger*, and holding that the district court erred in abstaining even though the basic *Younger* criteria were satisfied).

C.     **Conclusion**

The Court recommends that the district judge deny Turner's motion for an injunction staying her ongoing criminal prosecution in state court because the *Younger* abstention doctrine bars such a request. *See Jackson*, 2023 WL 8064555, at *1 (holding that the district court "properly dismissed" the plaintiff's claims "for injunctive and declaratory relief as barred by the

---

[3] In *Bean*, the Ninth Circuit explained that these are the "two contexts" in which it had "previously applied the irreparable harm exception to claims raised by pretrial detainees": "[f]irst, *Younger* does not apply where a pretrial detainee presents 'a colorable claim that a state prosecution would violate the Double Jeopardy Clause[,]' . . . [s]econd, . . . *Younger* does not apply where a petitioner raised a due process challenge to his pretrial detention in the context of a state civil sexually violent predator proceeding." 986 F.3d at 1133-34 (simplified) (first quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018); and then citing *Page*, 932 F.3d at 901-02)).

*Younger* abstention" and "for damages because [he] failed to allege facts sufficient to state a plausible claim").

Turner's amended complaint is due by August 29, 2025. (ECF No. 15.) Considering that Turner may be able to cure her Section 1983 claims for damages (*see generally* Civ. Cover Sheet at 1, ECF No. 2-1, seeking $250,000 in damages under Section 1983), the Court recommends that the district judge stay this action pending resolution of Turner's criminal proceeding and order Turner to file a status report on her criminal case within sixty days. *See, e.g., Adeyinka v. Fred Meyer Stores, Inc.*, No. 3:25-cv-00223-SB, 2025 WL 992047, at *2-6 (D. Or. Mar. 11, 2025) (noting that unlike requests for declaratory and injunctive relief, the Ninth Circuit has held that "courts have erred in dismissing (as opposed to staying) Section 1983 claims for damages under *Younger*," and recommending that the district judge stay the self-represented plaintiff's Section 1983 action for damages under similar circumstances and "pending resolution of his criminal case in state court" and order the plaintiff to "file a status report on his criminal case within sixty days"), *findings and recommendation adopted*, 2025 WL 987882, at *1 (D. Or. Apr. 2, 2025).

## CONCLUSION

For the reasons stated, the Court recommends that the district judge DENY Turner's motion for an injunction staying the Wasco County District Attorney's ongoing criminal prosecution against Turner (ECF No. 16), STAY this Section 1983 action pending resolution of Turner's criminal case, and ORDER Turner to file a status report on her criminal case within sixty days.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no

objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 10th day of July, 2025.

HON. STACIE F. BECKERMAN
United States Magistrate Judge